IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER E. LENHART,**　　　　　　　Case Number 1:15 CV 2440

　　　　　Petitioner,　　　　　　　　　　Chief Judge Solomon Oliver, Jr.

　　　　　　v.　　　　　　　　　　　　REPORT AND RECOMMENDATION

**RONALD ERDOS, Warden,**

　　　　　Respondent.　　　　　　　　Magistrate Judge James R. Knepp II

### INTRODUCTION

Christopher Lenhart, a *pro se* Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden Ronald Erdos, filed an answer (Doc. 10) and Petitioner filed a reply (Doc. 11). The district court has jurisdiction over this petition under 28 U.S.C. § 2254(a). This cause is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings of fact, conclusions of law, and recommendations. *See* non-document entry dated December 29, 2015. For the reasons stated below, the undersigned recommends the Petition be dismissed.

### FACTS

A Cuyahoga County (Ohio) Grand Jury indicted Lenhart in three separate cases, Cuyahoga C.P. Nos. CR–12–558148, CR–12–558615, and CR–12–559178. *State v. Lenhart*, No. 99993, 2014 WL 2466019, at *1 (Ohio Ct. App. May 29, 2014).

In Case No. CR-12-558148, Lenhart was indicted on one count of burglary with a notice of prior conviction specification and a repeat violent offender specification in violation of Ohio Rev. Code § 2911.12(A)(2), one count of theft in violation of Ohio Rev. Code § 2913.02(A)(1), one count

1

of telecommunications harassment in violation of Ohio Rev. Code § 2917.21(B), one count of intimidation of crime victim or witness in violation of Ohio Rev. Code § 2921.04(B), one count of kidnapping with a notice of prior conviction specification and a repeat violent offender specification in violation of Ohio Rev. Code § 2905.01(B)(2), one count of assault in violation of Ohio Rev. Code § 2903.13(A), one count of felonious assault with a notice of prior conviction specification and a repeat violent offender specification in violation of Ohio Rev. Code § 2903.11(A)(2), and one count of aggravated menacing in violation of Ohio Rev. Code § 2903.21(A). (Doc. 10-1, at 6-9).

In Case No. CR 12-558615, Lenhart was indicted for failure to provide notice of change of address in violation of Ohio Rev. Code § 2950.05(F)(1) and tampering with records in violation of Ohio Rev. Code § 2913.42(A). (Doc. 10-1, at 10-11).

In Case No. CR-12-559178, Lenhart was indicted on two counts of intimidation of crime victim or witness in violation of Ohio Rev. Code § 2921.04(B). (Doc. 10-1, at 12-13). Lenhart pleaded not guilty to all counts in each case. (Doc. 10-1, at 14-16). "The trial court consolidated the three cases and proceeded to trial." *Lenhart*, 2014 WL 2466019, at *1.

While the jury trial was in progress, Lenhart notified the court he wished to change his plea in all three cases. (Doc. 10-1, at 25-30). Lenhart pleaded guilty to the following charges: in CR–12–558148, burglary, a second-degree felony and kidnapping, a first-degree felony; in CR–12–558615, notice of change of address, a third-degree felony; and in CR–12–559178, intimidation of crime victim or witness, a third-degree felony. *Lenhart*, 2014 WL 2466019, at *1. The parties subsequently "agreed upon a five-year sentence for all charges and the trial court imposed a five-year term of imprisonment." *Id*. Lenhart failed to pursue a timely appeal to the Ohio Court of Appeals.

On June 19, 2012, Lenhart filed a *pro se* motion to withdraw his guilty plea. (Doc. 10-1, at 31-35). Lenhart argued his trial counsel was ineffective for failing to approach the state regarding

a possible plea bargain prior to trial and that he would have received a lesser sentence had his attorney done so. On June 29, 2012, the trial court denied the motion. (Doc. 10-1, at 36). Lenhart did not appeal the trial court's decision.

On October 15, 2012, Lenhart filed a petition to vacate or set aside his conviction arguing ineffective assistance of trial counsel. Lenhart asserted counsel erred by advising Lenhart to plead guilty to burglary, and for failing to investigate whether Lenhart had permission, as a tenant, to enter his girlfriend's domicile. (Doc. 10-1, at 37-48). Lenhart filed a supplement to his petition asserting insufficient evidence to sustain a kidnapping conviction. He also claimed a *Brady v. Maryland*, 373 U.S. 83 (1963), violation for the withholding of billing records. (Doc. 10-1, at 49-54).

On April 19, 2013, Lenhart filed a motion for a specific performance order pursuant to Ohio Crim. R. 32(B)(2), claiming he was never informed of his right to appeal his conviction and sentence. (Doc. 10-1, at 60-62). On July 9, 2014, Lenhart filed a motion to proceed to judgment on a post-conviction petition in Case No. CR-12-558148, arguing the trial court failed to rule on his post-conviction petition. (Doc. 10-1, at 63-66). On March 9, 2015, the trial court denied Lenhart's motion, finding it was without merit. (Doc. 10-1, at 67). Lenhart did not appeal the trial court's decision.

On June 13, 2013, Lenhart filed a notice of appeal and moved for leave to file a delayed appeal to the Ohio Court of Appeals from his March 14, 2012, conviction. (Doc. 10-1, at 68-81). On July 9, 2013, the Ohio Court of Appeals granted Lenhart's motion for leave to file a delayed appeal and appointed him counsel. (Doc. 10-1, at 82).

On October 11, 2013, Lenhart, through counsel, moved to remand the case to the trial court for a ruling on his then-pending post-conviction petition. (Doc. 10-1, at 83-85). The appellate court granted Lenhart's motion. (Doc. 10-1, at 86).

After his post-conviction petition was denied and jurisdiction was returned to the appellate

3

court, Lenhart filed his brief, raising the following assignment of error:

> The guilty pleas must be vacated because the Defendant entered the pleas under the mistaken belief, promulgated by the trial court, that (1) the charge of failure to provide notice of a change of address was a first-degree felony when that charge was only a low-tier third-degree felony, and (2) that first-degree felonies are only punishable by up to ten years of imprisonment as opposed to eleven years.

(Doc. 10-1, at 87-94).

On May 29, 2014, the Ohio Court of Appeals overruled Lenhart's sole assignment of error, holding that no prejudice had occurred and that Lenhart understood the implications of his plea. (Doc. 10-1, at 105-13). Lenhart's pro se motion for reconsideration (Doc. 10-1, at 114-19), was denied (Doc. 10-1, at 120).

Lenhart, through counsel, filed a notice of appeal to the Supreme Court of Ohio on July 14, 2014. (Doc. 10-1, at 121-22). In his memorandum in support of jurisdiction, Lenhart raised the following issue: "When a trial court misadvises defendant about the potential term of imprisonment so that the defendant is led to believe he faces a potential term of imprisonment that is substantially more than his actual exposure, the plea is invalid." (Doc. 10-1, at 123-42). On October 8, 2014, the Supreme Court of Ohio declined jurisdiction over the appeal. (Doc. 10-1, at 144).

On February 24, 2014, Lenhart, through counsel, filed a motion to withdraw his guilty plea under Ohio Crim. R. 32.1 in Case No. CR-12-558615 and to vacate his concurrent three-year prison sentence. (Doc. 10-1, at 165-239). On July 9, 2014, Lenhart filed a *pro se* motion to proceed to judgment. (Doc. 10-2, at 12-15). On July 31, 2014, the trial court denied Lenhart's motion to withdraw his guilty plea. Referring to the rejection of Lenhart's argument by the Ohio Court of Appeals in Lenhart's direct appeal, the trial court found that Lenhart did not show he was prejudiced by pleading to a third-degree felony when he thought it was a first-degree felony. (Doc. 10-2, at 16).

4

Lenhart did not appeal the trial court's decision.

On September 2, 2014, Lenhart filed a *pro se* motion for *nunc pro tunc* entry seeking to have the trial court change its sentencing entry. (Doc. 10-2, at 17-20). On October 7, 2014, the trial court issued a *nunc pro tunc* entry clarifying that Lenhart's sentence for his notice of change of address offense was a third-degree felony. (Doc. 10-2, at 25).

On October 24, 2014, Lenhart filed a pro se pleading objecting to the trial court's *nunc pro tunc* entry of October 7, 2014. (Doc. 10-2, at 26-28). On December 18, 2014, the trial court denied the motion. (Doc. 10-2, at 29). Lenhart did not appeal the trial court's decision.

On February 18, 2015, Lenhart, filed a *pro se* delayed application to reopen his direct appeal asserting that his appellate counsel was ineffective. (Doc. 10-2, at 30-52). On May 15, 2015, the Ohio Court of Appeals denied Lenhart's application as untimely. (Doc. 10-2, at 53-57).

Lenhart then filed a notice of appeal to the Supreme Court of Ohio on June 29, 2015. (Doc. 10-2, at 58-59). In his memorandum in support of jurisdiction, Lenhart raised the following assignments of error:

> **Proposition of Law I:** It is mandatory that a defendant knows of the correct maximum penalties involved before the court can accept a plea of guilty by the defendant pursuant to Crim. R. 11(C)(2)(a).

> **Proposition of Law II:** Defendants are entitled to effective assistance of counsel pursuant to the United States Const. Amend. 6.

> **Proposition of Law Three:** Defendants are entitled to a indictment by Grand Jury pursuant to U.S.C.A. V. [sic]

(Doc. 10-2, at 60-86).

On September 30, 2015, the Supreme Court of Ohio declined jurisdiction of the appeal. (Doc. 10-2, at 87).

5

Lenhart then filed his federal habeas corpus petition (Doc. 1) with this Court on November 9, 2015. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (prison mailbox rule); (Doc. 1, at 15). In his petition, Lenhart raises the following grounds for relief:

> GROUND ONE: A NEW Law was enacted And/or deemed unconstitutional to Apply to Megans Law offenders. The Law is being Applied differently to me and not Equally, Being denied due process, Equal protections of Laws. [sic]

> GROUND TWO: Appellate Counsel cited incorrect case law in my Appeal to prove the point of prejudice, Counsel must prove a PreJudicial effect when the case was cited in correctly Counsel couldn't prove Petitioner was Convicted and sentenced to a incorrect Laws and penalties. [sic]

> GROUND THREE: Changed indictment in violation of Grand Jury clause. Denied right to Appear Crim. R. 6,11, 32, 43. The trial court through a nunc pro Tunc entry changed the degree of offence outside the presence of Petitioner. This changed the degree of penalties Greatly between the Law Petitioner was convicted of A.W.A., Megans Law. Petitioner is under Megans Law. [sic]

(Doc. 1, at 5-8).

Respondent has filed an answer (Doc. 10) and Lenhart has filed a reply (Doc. 11).

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court cannot grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the

6

unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id*. at 413. To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

### DISCUSSION

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). This requirement is designed to give state courts the initial opportunity to pass upon and, if necessary, correct errors of federal law in a state prisoner's conviction or sentence. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal

7

court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

To properly exhaust state remedies, the petitioner must "fairly present" a claim in each of the appropriate state courts, including a state supreme court, in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 845. In Ohio, this requires direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court of Ohio. *See Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

As the Supreme Court noted in *Picard*:

> If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

404 U.S. at 275–76 (internal quotation marks and citations omitted).

"It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citations omitted). The legal and factual "substance" of the federal claim must have been presented to the state courts. *Id*. The claim to the state courts must be presented as a federal constitutional claim, not merely as an issue arising under state law. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

In Ohio, a criminal constitutional question cannot be raised in the Supreme Court of Ohio unless it was presented and argued in the lower court. *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971). Where an appeal is taken to the Supreme Court of Ohio, the court will not consider or determine errors that were not raised and preserved in the court of appeals. *Id*. Thus, an issue raised for the first time in the Supreme Court of Ohio is waived. It will not be reviewed by the Supreme

8

Court of Ohio, and the issue is deemed not to have been properly exhausted for federal habeas review. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Phillips*, 272 N.E.2d at 352.

The failure to properly present a federal ground to the state courts constitutes procedural default or waiver barring federal habeas corpus review. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). When the petitioner fails to fairly present to the state courts the claim on which he seeks relief in federal court, and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 853–54.

A habeas corpus petitioner procedurally defaults a claim if:

(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (citations omitted); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The "cause" standard in procedural–default cases requires a petitioner to show that "some objective factor external to the defense" impeded his efforts to raise a claim in the state courts. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id.* at 493–94.

Lenhart's grounds for habeas corpus relief are defaulted due to his multiple failures to fairly present his claims to all levels of Ohio's state courts. Lenhart's first ground for relief asserts the unlawful retroactive application of a statute, resulting in the denial of his equal protection and due process rights. This claim is considered to be within the record because the allegation can be determined by an examination of the record. *See, e.g., State v. Milanovich*, 325 N.E.2d 540, 543

9

(Ohio 1975). The issue should have been raised as a federal constitutional violation in a direct appeal, but was not. *See Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (if all the facts necessary to develop a claim were available on direct appeal, then that claim must be presented on direct appeal; otherwise, the claim is barred by res judicata).

The only issue Lenhart presented in his direct review to the Supreme Court of Ohio was a claim that the trial court misadvised him regarding the maximum sentence he faced prior to his guilty plea. (Doc. 10-1, at 87-94, 123-42). Because Lenhart failed to present his unlawful retroactive application of a statute argument to the Supreme Court of Ohio, the issue is deemed not to have been properly exhausted for federal habeas corpus review. *See Leroy*, 757 F.2d at 99. Thus, the issue is deemed defaulted. *Id.*; *see also Gray*, 518 U.S. at 161–62. Further, Lenhart has not established cause and prejudice to excuse the default, *Maupin*, 785 F.2d at 138, and he has not shown the alleged constitutional violation resulted in the conviction of an innocent individual, *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Lenhart's second ground asserting ineffective assistance of appellate counsel is also defaulted due to his failure to timely file a Rule 26(B) application. After an Ohio appellate court affirms a defendant's conviction on direct appeal, the defendant can file a Rule 26(B) application to reopen an appeal based on a claim of ineffective assistance of appellate counsel. Rule 26(B)(1) states that an application for reopening must be filed in the appellate court that decided the appeal within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. Ohio App. R. 26(B)(1) & (2)(b). A violation of the time requirements for an application to reopen an appeal, *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002), constitutes an adequate and independent state ground to preclude hearing an untimely claim on the merits, *Baker v. Bradshaw*, 495 F. App'x 560, 565 (6th Cir. 2012).

10

Lenhart's Rule 26(B) application was six months late and he failed to set forth a reason for his delay. (Doc. 10-2, at 30-52). The Ohio Court of Appeals enforced the ninety day limitation by dismissing the Rule 26(B) application on the ground that it was not timely filed and that Lenhart had failed to demonstrate good cause for the untimely filing. (Doc. 10-2, at 53-57).

Because Lenhart's Rule 26(B) application was untimely, the ineffective assistance of counsel issue is deemed not to have been properly exhausted for federal habeas corpus review. *Baker*, 495 F. App'x at 565. Further, Lenhart has not established cause and prejudice to excuse the default, *Maupin*, 785 F.2d at 138, nor has he shown the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent, . . . ." *Murray*, 477 U.S. at 496.

In his third claim for relief, Lenhart contends his indictment was "changed" in violation of the Grand Jury Clause, resulting in the denial of his "right to Appear Crim. R. 6, 11, 32, 43." (Doc. 1, at 8). He states this occurred when "[t]he trial court though a nunc pro Tunc entry changed the degree of offense outside the presence of Petitioner." (Doc. 1, at 8).

After the Ohio Court of Appeals issued its decision on Lenhart's direct appeal, *Lenhart*, 2014 WL 2466019, at *1–3, the trial court issued the nunc pro tunc entry to clarify that Lenhart's conviction for failing to notice his address was a third-degree felony. (Doc. 10-2, at 25). Lenhart challenged the entry and raised his third habeas corpus ground in his "Motion to Enlarge the Record." (Doc. 10-2, at 26-28). The trial court denied the motion. (Doc. 10-2, at 29).

Lenhart failed to seek further review of this argument in the appellate courts of Ohio. Delayed appeals pursuant to Ohio App. R. 5(A) are not available to appeal the denial of a collateral post-conviction relief determination. *State v. Nichols*, 463 N.E.2d 375, 378 (Ohio 1984). Thus, Lenhart may not return to Ohio's appellate courts to file a delayed appeal of his unsuccessful post-judgment motion.

11

To properly exhaust state remedies, a petitioner must present a claim in each of the appropriate state courts in the procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 845. Because Lenhart failed to present this claim to the appellate courts of Ohio, a default has occurred. *Allen*, 424 F.2d at 140. In addition, cause and prejudice have not been established to excuse the default, *Maupin*, 785 F.2d at 138, and Lenhart has not shown the alleged constitutional violation resulted in the conviction of an innocent individual. *Murray*, 477 U.S. at 496.

### CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned recommends that the petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed.

   s/James R. Knepp II             
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time *WAIVES* the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).